

FILED

DEC 6 2024

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

# UNITED STATES BANKRUPTCY APPELLATE PANEL
# OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br><br>2nd CHANCE INVESTMENT GROUP, LLC,<br><br>        Debtor. | BAP No. CC-24-1196<br><br>Bk. No. 8:24-bk-01105-SC |
| CLOTEE DOWNING,<br><br>        Appellant,<br><br>v.<br><br>2nd CHANCE INVESTMENT GROUP, LLC; DAVID M. GOODRICH, Former Chief Restructuring Officer and Liquidating Trustee for 2nd Chance Investment Group, LLC; RAYSHWAN ANDREW FOSTER; SONJA FOSTER,<br><br>        Appellees. | **CLERK'S ORDER RE CAPACITY AND AUTHORITY OF GEOFF TRAPP TO REPRESENT CLOTEE DOWNING (Response Required)** |

      This appeal was initiated by a Notice of Appeal (Adversary Proceeding Docket #31) which lists the appellant as "Clotee Downing, an incompetent individual without a representative" and is signed by "Geoff Trapp on behalf of Clotee Downing, an incompetent person without a representative, as her Next Friend, per FRCP Rule 17(c)(2)." The appeal is of the Order (1) Granting Motions to Dismiss Without Leave to Amend [DKS 9, 10]; and (2) Vacating Hearings (Adversary Proceeding Docket #28) ("Dismissal Order"). The Dismissal Order dismisses an adversary

proceeding which was initiated by a Complaint filed by "Clotee Downing ("Downing"), a legally incompetent 83-year old woman with Stage 7 Alzheimer's Disease, by and through her court-appointed Conservator of Estate Geoff Trapp" and signed by "Geoff Trapp, Conservator of Estate for Clotee Downing" (Adversary Proceeding Docket #1).

### Capacity of Geoff Trapp to Represent Clotee Downing

Prior to filing the Notice of Appeal as "Geoff Trapp on behalf of Clotee Downing, an incompetent person without a representative, as her Next Friend, per FRCP Rule 17(c)(2)," Geoff Trapp filed documents in the adversary proceeding, identifying himself in various capacities, including:

(1) "court-appointed Conservator of Estate Geoff Trapp" (Complaint page 2.);
(2) "not in his personal capacity buy solely in his official capacity as Temporary Conservator of the Estate for Litigation Affairs of Clotee Downing" (Complaint caption page);
(3) "Geoff Trapp" in the box for ATTORNEYS (Adversary Proceeding Cover Sheet); and
(4) "Proposed Guardian Ad Litem and Conservator of Estate for Clotee Downing" (Omnibus Opposition to Motions to Dismiss, Adversary Proceeding Docket #27).

Normally an individual cannot represent the interests of another in litigation without a law license. See, e.g., *Drake v. Superior Court*, 21 Cal.App. 4th 1826 (1994), noting:

> Since the passage of the State Bar Act in 1927, it has been well settled that persons may represent their own interests in legal proceedings but may not " ' "practice law [for another] in this State unless [they are] active member [s] of the state bar." ' " (*J.W. v. Superior Court* (1993) 17 Cal.App. 4th 958, 965, 22 Cal.Rptr.2d 527, quoting *Abar v. Rogers*

(1981) 124 Cal.App.3d 862, 865, 177 Cal.Rptr. 655, and Bus. & Prof. Code, § 6125.) . . . In line with that prohibition, courts have held, among other examples, that a nonattorney mother cannot represent her minor son in propria persona in a paternity action (*ibid.*), a juvenile cannot have his nonlawyer father assist in his defense or represent him (*In re Gordon J.* (1980) 108 Cal.App.3d 907, 914, 166 Cal.Rptr. 809), and a nonlawyer representing his mother's estate as conservator and executor cannot appear in propria persona on behalf of the estate (*City of Downey v. Johnson* (1968) 263 Cal.App.2d 775, 779, 69 Cal.Rptr. 830).

No later than **December 20, 2024**, Geoff Trapp must file a response explaining in what capacity he is representing Clotee Downing in this appeal and what authority authorizes him to prosecute this appeal on her behalf.

Failure to comply with the requirements of this order may result in dismissal of this appeal.

**FOR THE PANEL,**

*Susan M. Spraul*

Susan M. Spraul, Clerk of Court

3