RECEIVED
Susan M. Spraul, Clerk
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

DEC 19 2024

FILED_____
DOCKETED_____
DATE    INITIAL

Geoff Trapp
2551 East Avenue S, Suite G-166
Palmdale, CA 93550
(661) 214-4412
GrandmaHasAlzheimers@protonmail.com
*Next Friend to Appellant Clotee Downing, an Incompetent Person Without a Representative*

# IN THE UNITED STATES BANKRUPTCY APPELLATE PANEL
# OF THE NINTH CIRCUIT

| | |
|---|---|
| in re:<br><br>2nd CHANCE INVESTMENT GROUP, LLC,<br><br>Debtor<br><br>CLOTEE DOWNING, a legally incompetent individual,<br><br>Appellant,<br><br>vs.<br><br>2ND CHANCE INVESTMENT GROUP LLC; RAYSHWAN ANDREW FOSTER a.k.a. RAYSHAWN FOSTER a.k.a. RAYSHON FOSTER a.k.a. RAYSHON BOYD; SONJA FOSTER a.k.a. SONJA KIRK a.k.a. SONIA PEREZ; DAVID M. GOODRICH; DOES 1 – 100<br><br>Appellees | BAP No. CC-24-1196<br><br>Bk. No. 8:24-ap-01105-SC<br><br>**EX PARTE REQUEST / MOTION FOR LEAVE TO REGISTER FOR CM/ECF, AND TO ENLARGE TIME TO RESPOND TO DECEMBER 6, 2024 ORDER (DOC #4)** |

1

**TO THE MEMBERS AND CLERK OF THE UNITED STATES BANKRUPTCY APPELLATE PANEL OF THE NINTH CIRCUIT, APPELLEES 2ND CHANCE INVESTMENT GROUP, RAYSHWAN FOSTER, SONJA FOSTER AND DAVID M. GOODRICH, AND OTHER INTERESTED PARTIES:**

Geoff Trapp ("Trapp") has just received by U.S. Mail the Order issued to him by the Clerk of this Court on December 6th, 2024 (Doc 4, "Order"), ordering him to file a response by December 20th, 2024, explaining in what capacity he is "representing" his incompetent next friend Clotee Downing ("Downing") in this appeal, and "what authority authorizes him to prosecute this appeal on her behalf."

Trapp must respectfully disagree that he is "representing" Downing per se, but will happily comply with this Order, and prepare and file a proper response that fully explains his current status, and the case law supporting a conclusion that FRBP Rule 7017 and FRCP Rule 17(c)(2) gives Downing a right to bring this appeal by her next friend Trapp.[1]

However, Trapp will be unable to finish composing a proper response in time for a paper version thereof to arrive by mail to this Court by the Order's December 20th, 2024 deadline. Additionally, given the late hour of Trapp's receipt of notice of the Order, and the competing demands on his time, additional time beyond December 20th will likely be required to ensure a proper response. It is also important that Downing not suffer the

---

[1] In brief summary preview, Downing is a legally incompetent 83-year old woman with Stage 7 Alzheimer's Disease who does not currently have any duly appointed representative. Under FRCP Rule 17(c)(2), the bankruptcy court was required to "appoint a guardian ad litem - or issue another appropriate order - to protect" Downing, as Downing's lack of legal capacity prevents any attorney from being able to accept representation of her absent appointment by a court. However, the bankruptcy court failed to comply with its mandatory duty under FRCP Rule 17(c)(2) to make such an appointment or order, despite having been aware of Downing's lack of capacity and representation since at least December 4, 2023 (see Bankruptcy Case 8:22-bk-12142 Doc # 328). It must be the case that the same authority for an incompetent person to sue in a trial court by a next friend conferred by FRCP Rule 17(c)(2) must also confer authority to *appeal* by a next friend, should a trial court fail to appoint a guardian ad litem - or issue another appropriate order - to protect that incompetent person. Otherwise, there would be no way for an incompetent person without a duly appointed representative to ever obtain appellate review of such failures by a trial court, rendering the right to sue by next friend conferred by FRCP Rule 17(c)(2) utterly meaningless and ineffective.

same procedural structural disadvantages she faced in the trial court, wherein she was routinely deprived of the advantages conferred by access to CM/ECF, including additional time for her next friend Trapp to finish writing quality documents prior to e-filing up to 11:59 PM and on weekends, as well as instant NEF notifications and PDF's of new filings. Already here, at the onset of this appeal, the structural disadvantage of having to wait for notice of new filings to arrive by mail has already operated to deny Downing and Trapp instant notice of this Court's December 6, 2024 Order.

      Accordingly, Trapp respectfully requests both leave to register for CM/ECF, and an enlargement of time to file his response to the Court's December 6, 2024 Order. The Court will be aided – not injured – by the granting of these requests. Trapp has previously conducted litigation on his own behalf in both the Central District of California and the 9th Circuit, was granted leave to file via CM/ECF in both Courts[2], used and maintained that access correctly and responsibly, and is thus an experienced veteran of many filings made via CM/ECF. Trapp is familiar with the procedures and rules of electronic filing, including those set forth in Federal Rules of Appellate Procedure (FRAP) Rule 25, 9th Circuit Rule 25-5, Federal Rules of Bankruptcy Procedure (FRBP) Rule 5005 and Federal Rules of Civil Procedure (FRCP) Rule 5, as well as all rules related to privacy protection found in FRBP Rule 9037 and FRCP Rule 5.2. Trapp possesses the technical requirements necessary to both produce and e-file documents in PDF format in conformance with the aforementioned Rules, and to receive NEF notices from the Court.

      Prior to Downing electing to have this appeal heard by the BAP instead of the District Court, Trapp met and conferred by phone with one of this Court's staff attorneys, about (a) whether FRCP Rule 17(c)(2) would apply in this Court to compel appointment of counsel for Downing, and (b) if he would be able to gain access to CM/ECF before the BAP as a non-lawyer, just as easily as that access is available in the District Court. Trapp

---

[2] The previous litigation in question was conducted under a pseudonym; accordingly, this Court will find no mention of Trapp's name in the records of previously-approved CM/ECF users in the Central District of California or in the 9th Circuit.

3

was led to believe that gaining CM/ECF access in the BAP would be a simple matter of filing this instant motion, and that as far as appointment of counsel for Downing under FRCP Rule 17(c)(2), the BAP did not usually handle such requests, but could either elect to appoint counsel themselves, or refer that question to the District Court.

On the basis of these positive assurances, Downing, by her next friend Trapp, elected to have her appeal heard before the BAP. However, if it is not the case that the BAP recognizes the duty imposed by FRCP Rule 17(c)(2) to issue an appropriate order to protect an incompetent person without a representative, or if the BAP is not willing to grant Trapp access to CM/ECF, then Downing respectfully requests that this appeal be transferred to the District Court pursuant to 9th Cir. BAP Rule 8005-1.

Dated: December 16, 2024         Respectfully submitted,

/s/ Geoff Trapp
Next Friend to Appellant Clotee Downing

## CERTIFICATE OF SERVICE

I hereby certify that on December 16, 2024, I caused all Appellees in this matter to be served with copies of the foregoing document, by depositing copies in the U.S. Mail with first class postage prepaid addressed as follows:

| | |
|---|---|
| 2nd Chance Investment Group, LLC<br>c/o Financial Relief Law Center APC<br>1200 Main St., Ste C<br>Irvine, CA 92614-6749 | David M. Goodrich<br>Golden Goodrich LLP<br>3070 Bristol St Ste 640<br>Costa Mesa, CA 92626-3067 |
| Rayshwan Foster<br>4349 South Victoria<br>Los Angeles, CA 90008-4903 | Sonja Foster<br>c/o Michael Jay Berger<br>9454 Wilshire Blvd, 6th Fl.<br>Beverly Hills, CA 90212 |

I declare under penalty of perjury the foregoing is true and correct.

Dated: December 16, 2024         /s/ Geoff Trapp
Next Friend to Appellant Clotee Downing